# FROST *a.* QUACKENBUSH.

*Supreme Court, First District; General Term, March,* 1864.

ESTOPPEL.—LACHES.—LIEN OF JUDGMENT.—PURCHASER AT
EXECUTION SALE.—SURPLUS MONEYS.

The owner of land incumbered by a judgment, who has suffered another to ac-
quire title to it by a purchase at sheriff's sale on execution, which he might
have restrained by virtue of an equity superior to the lien of the judgment, is
not at liberty to assert his title against the purchaser, where the effect of such
action would be to throw upon the latter the loss of the purchase-money.

Thus, where S. purchased land against which V. had a judgment-lien, and V. re-
leased other property of the debtor amply sufficient to satisfy the judgment,
under circumstances which would have entitled S. to maintain an action to re-
move the judgment-lien from his land:—*Held,* that S. could not assert such
equitable defence or title against K., who, with notice of the facts, had pur-
chased the land at sheriff's sale on execution.

This ruling applied where the question arose upon the conflicting claims of S.
and K. to the surplus moneys arising under the foreclosure of a prior mortgage
upon the premises.

Appeal from an order confirming referee's report, and direct-
ing distribution of surplus moneys.

The surplus in controversy remained after a sale in fore-
closure of property in 8th-avenue, New York, in an action by
Charles H. Frost against Andrew Quackenbush, Valentine
Koon, Thomas Southard, and others. Robert Gilmore, the
mortgagee, in December, 1854, confessed a judgment to John
Van Wagner for $1,475; at this time Gilmore was the owner
of the equity of redemption in the property affected by this
action, and also of a valuable equity of redemption in property
in the 9th-avenue, New York city. In May, 1855, Gilmore
mortgaged the premises affected by the mortgage foreclosed in
this action, to one George W. Platt, for $700 : this mortgage
was foreclosed by Platt, in 1856, by an action ; Van Wagner
and Southard were parties defendant, and the premises were sold
to Southard at $2,150. At the sale, it was officially announced
that the property was sold subject only to a mortgage to one
Myers, and the Quackenbush mortgage, now in suit. Van Wag-

ner was present and bid, making no mention of his judgment. In March, 1857, Van Wagner released the 9th-avenue property from the lien of his judgment against Gilmore. In June, 1857, South-ard being in actual possession of the premises which he had bought under the Platt foreclosure, the premises were sold by the sheriff under an execution on the judgment in Wagner *a.* Gil-more, to Valentine Koon. Koon received the sheriff's deed for the property, in September, 1858. In September, 1858, Frost, the present plaintiff, who had acquired the Quackenbush mort-gage, brought the present foreclosure : from the sale, remained a surplus of $2,191.86, claimed by Southard and also by Koon. Proceedings to procure the distribution of the surplus moneys were commenced, and the referee reported in favor of Southard, on the ground that Van Wagner's judgment was invalid : this report was set aside by the general term. The referee on the second hearing awarded the surplus to Koon, and this report having been confirmed, Southard's executors appealed.

*Thomas Nelson,* for the appellants.—I. Koon has no more rights than Van Wagner would have, had he not caused sale to be had under his execution, &c. Southard was in pos-session, which was of itself notice to Koon. (Gouverneur *a.* Lynch, 2 *Paige Ch.,* 300 ; Grimshaw *a.* Coster, 3 *Ib.,* 421 ; Tuttle *a.* Jackson, 6 *Wend.,* 213–225 ; Brice *a.* Brice, 5 *Barb.,* 534, 547 ; Wright *a.* Douglass, 10 *Ib.,* 99, 106, 107 ; Troop *a.* Hurlbut, 10 *Ib.,* 534.) The case shows knowledge by Koon of Southard's title, and the referee has so found.

II. The judgment in the Platt foreclosure was a bar to Van Wagner and all persons claiming under him. (Jackson *a.* Hoff-man, 9 *Cow.,* 272 ; Depuyster *a.* Hildreth, 2 *Barb. Ch.,* 112 ; Holden *a.* Sackett, 12 *Abbotts' Pr.,* 475 ; Blakely *a.* Calder, 15 *N. Y.,* 618.)

III. Van Wagner's standing by and suffering the property to be sold at the Exchange without disclosing his lien, estops him and those under him from setting up the lien or any claim founded on it. (Wendell *a.* Van Rensselaer, 1 *Johns. Ch.,* 354 ; Storms *a.* Baker, 6 *Ib.,* 166 ; Thompson *a.* Blanchard, 4 *N. Y.* (4 *Comst.*), 303 ; Brewster *a.* Baker, 16 *Barb.,* 613 ; Cheeney *a.* Arnold, 18 *Ib.,* 440 ; Hibbard *a.* Stewart, 1 *Hill,* 207 ; Van Rensselaer *a.* Kearny, 11 *How.,* 215.)

IV. The judgment confessed by Gilmore to Van Wagner, was void. It did not comply with the statute, and was therefore entered without legal authority.

V. It was Van Wagner's duty to have collected this judgment out of the 9th-avenue property, which was sufficient to have discharged the claims upon it, including the judgment, while the 8th-avenue property was insufficient to discharge the liens upon it, excluding the judgment. By Van Wagner's release of the 9th-avenue property, he discharged this 8th-avenue property from the judgment lien. (Guion a. Knapp, 6 *Paige*, 35; Stuyvesant a. Hall, 2 *Barb. Ch.*, 155; Lafarge Insurance Co. a. Bill, 22 *Barb.*, 55–63; Howard Insurance Co. a. Halsey, 4 *Sandf.*, 565, 571; Ingalls a. Morgan, 10 *N. Y.* (6 *Seld.*), 179; *Leading Cases in Equity*, vol. 2, 271.)

VI. These questions are all determinable on a reference, such as was had in this case. (Sweet a. Jacox, 6 *Paige*, 355, 363; Delavan a. Evertson, 1 *Ib.*, 181; White a. Carpenter, 2 *Ib.*, 217; Arnold a. Patrick, 2 *Ib.*, 310.)

*George Bowman* and *Marshall S. Bidwell*, for the respondent.—The objection that Van Wagner had equitably discharged the lien of the judgment on the property in question, to a greater or less extent, by giving a release of other property, is not available. 1. If the facts warranted such a claim, it was matter for a suit in equity to obtain the discharge of the property from the lien of such judgment. Such matters were not within the scope of the order of reference. The judgment could not be attacked in this collateral way as against the purchaser at sheriff's sale under such judgment. Claims, however equitable, which require adjudication, cannot be taken into consideration by the referee under this common order of reference. (King a. West, 10 *How. Pr.*, 333. See also Norris a. Denton, 30 *Barb.*, 118; Frank a. Morrison, 13 *Abbott's Pr.*, 86; Shelden a. Stryker, 34 *Barb.*, 122; Candee a. Lord, 2 *N. Y.* (2 *Comst.*), 275; Chappel a. Chappel, 12 *N. Y.* (2 *Kern.*), 211.) 2. Besides, it is not and cannot be disputed, that something was owing on the judgment at the time of the sheriff's sale. This (as the referee finds) will justify the sheriff and protect the purchaser. (Jackson a. Cadmel, 1 *Cow.*, 622–644. Woodcock a. Bennett, 1 *Ib.*, 622; Jackson a. Bartlett, 8 *Johns.*,

365, 366; Sherley *a.* Wright, 1 *Salk.*, 273; Jackson *a.* Roosevelt, 13 *Johns.*, 102; Butler *a.* Maynard, 11 *Wend.*, 548.) 3. However a suit by the claimant to discharge the judgment might be regarded, his omission to attack the judgment for years, will preclude his attempt to do it here in this way, and under the circumstances disclosed. His own laches would be turned to his own benefit, and to the prejudice of an innocent and surprised purchaser, who has had no sufficient notice of, or opportunity to try his claim. (Stone *a.* Barker, 6 *Johns. Ch.*, 166; Wardell *a.* Van Rensselaer, 1 *Ib.*, 354; Jackson *a.* Henry, 10 *Johns.*, 196.)

LEONARD, J.—The questions in this case arise on exceptions to the report of a referee in respect to the disposition of the surplus moneys on the sale of mortgaged premises under a judgment of foreclosure.

These questions may all be considered as disposed of when the case was previously before the general term, except as to the effect of the release of the 9th-avenue premises by the judgment-creditor, Van Wagner, to Platt.

The facts found by the referee show, that on the 13th June, 1857, when the execution was issued upon the judgment of Van Wagner, and the premises on the 8th-avenue were sought to be subjected to the satisfaction thereof, an injunction might probably have been well maintained by Thomas Southard to restrain the sale of those premises, and that, either upon motion, or by an action, the said premises on the 8th-avenue would have been relieved from the operation of the judgment. Van Wagner had, by his deed to Platt, deprived himself of the power of enforcing satisfaction of his judgment from the 9th-avenue premises. As between Southard and Van Wagner the rules of a court of equity would have required the 9th-avenue premises to be first subjected to the satisfaction of the judgment before recourse could be had to the premises on the 8th-avenue.

It appears from the report of the referee that the 9th-avenue premises were fully adequate to the satisfaction of the judgment without resort to the premises on the 8th-avenue.

Southard, however, slept upon his rights. He permitted a sale of his 8th-avenue premises on execution issued upon the

Frost *a.* Quackenbush.

judgment of Van Wagner, and suffered the purchaser at the sheriff's sale to obtain his deed, and, afterwards, possession under it to his own exclusion from the property.

I think it clear that Southard could not, after suffering Koon to obtain his deed from the sheriff and to dispossess him of the 8th-avenue premises, maintain an action of ejectment to recover possession from Koon.

Nor would he be able to obtain relief by motion; and I think, on the facts as found by the referee, a court of equity would consider him to be concluded, by his own silence and neglect, from any relief.

The rights of Southard are no better here on a claim to the surplus arising on a sale of the premises under foreclosure. He had suffered the title to the land to pass from him and himself to be dispossessed under an adverse claim of title. He thereby confessed the superior rights of Koon claiming under another and adverse title.

It is no answer that Van Wagner or Koon knew the nature of Southard's title, and that he denied the validity of Van Wagner's judgment as against his premises. He should not have suffered Koon to pay his money and obtain his deed by virtue of a sheriff's sale under a judgment older than his own title, without asserting his own rights and demanding an adjudication thereof. Were any other rule to be adopted Koon will have been entrapped into a loss of the whole consideration paid by him at the sheriff's sale.

The order of confirmation appealed from should be affirmed, with $10 costs of the appeal.

BARNARD, J.—I concur.

SUTHERLAND, J.—I concur.